UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Jones,                                      Case No. 3:21-cv-01350

                Petitioner

v.                                             MEMORANDUM OPINION
                                                       AND ORDER

Warden Mark K. Williams,

                Respondent

*Pro se* petitioner Michael Jones, a federal inmate currently incarcerated at FCI Elkton ("Elkton"), has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1).

For the reasons stated below, I find the Petition must be dismissed.

## I. BACKGROUND

Petitioner alleges that Respondent Mark K. Williams, Warden at Elkton, is failing to provide him adequate protection from COVID-19 and is denying him medical care in violation of his rights under the Eighth Amendment. Petitioner also alleges that he is being denied individualized consideration for relief under the CARES Act. He seeks immediate release from prison.

Petitioner states that he suffers from latent tuberculosis and decreased lung function. He contends that he is in fear of contracting COVID-19 again and Respondent is not providing him with adequate protection from the virus. Petitioner alleges that the prison is generally unsanitary or unsafe for him because prison officials are not wearing their masks properly and vaccines are not mandated for prison staff. (*See* Doc. No. 1-1 at 12). He also contends that Respondent has denied him access to health care. He states that his previous COVID-19 diagnosis has left him with a

lasting injury "that may get worse or even become deadly over time if not properly addressed." (*Id.* at 14). Finally, Petitioner claims that he is "precisely the type of offender [for which] the relief afforded under the CARES Act was intended," yet he has been denied even an individual determination for CARES Act eligibility. (*See id.* at 17).

## II. STANDARD OF REVIEW

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded pro se pleadings applies to *habeas* petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## III. ANALYSIS

### A. Eighth Amendment

Upon review, I find that Petitioner fails to state a claim under the Eighth Amendment. Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but to make out a claim, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). Petitioner must show that he was subjected to an objectively serious prison condition as to which a Defendant prison official acted with subjective "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

In *Wilson*, the Sixth Circuit examined the conditions at Elkton in the context of a Section 2241 action and concluded that a class of medically vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. *Wilson*, 961 F.3d at 844. The Sixth Circuit held that the Bureau of Prisons ("BOP") "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim. *Id.* at 840.

The Court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough"—as Petitioner seeks here—for prisoners at Elkton, including medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844. The Court also found that the district court abused its discretion in granting a preliminary injunction without addressing the BOP's "legitimate concerns about public safety" regarding whether inmates could care for themselves upon release, and whether they presented a substantial risk to the general public without assurance they could do so. *Id.* at 845.

In light of the Sixth Circuit's decision in *Wilson*, this Petition, insofar as it asserts the same COVID-19 claim on similar allegations, lacks merit on its face. Because the Sixth Circuit has already considered an essential part of Petitioner's claim in a case against the same Respondent named here—based on the same facts alleged in this Petition—and published an opinion holding that Respondent would likely prevail, this Petition does not allege a colorable claim of deliberate indifference under the Eighth Amendment.

Moreover, this Petition is subject to dismissal because this action is duplicative of the *Wilson* case. Petitioner was identified by the BOP as a member of the medically vulnerable subclass of Elkton inmates in *Wilson*. *See Wilson v. Williams*, No. 4:20-cv-00794, 455 F. Supp. 3d 467, 2020 U.S. Dist. LEXIS 70674, 2020 WL 1940882, at *6 (N.D. Ohio Apr. 22, 2020), vacated by, 961 F.3d 829 (6th Cir. 2020); *Wilson*, No. 4:20-cv-00794 (N.D. Ohio) (Doc. No. 35-1 at 8).[1] As a member of that subclass, Petitioner sought the same relief in *Wilson* that he seeks in this Petition. Because he seeks the same relief for essentially the same reasons in this case as he did as a member of the subclass in *Wilson*, Petitioner's claim should be dismissed. *See Letner v. Williams*, No. 4:20 cv 1592, 2020 U.S. Dist. LEXIS 148792, at *2 (N.D. Ohio Aug. 18, 2020) (quoting *Davis v. U.S. Parole Comm'n*, No. 88-5905, 870 F.2d 657, 1989 U.S. App. LEXIS 2682, 1989 WL 25837, *1 (6th Cir. Mar. 7, 1989)).

To the extent Petitioner claims Respondent has denied him access to health care, or that prison conditions remain unsanitary or unsafe for him, these claims must also be dismissed. Generally, *habeas corpus* is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

Section 2241 is not available, however, to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." And an Eighth Amendment claim

---

[1] Federal courts may take judicial notice of proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

regarding the constitutional sufficiency of medical care is the type of conditions-of-confinement claim the Sixth Circuit has found to be noncognizable on *habeas corpus* review. *Martin*, 391 F.3d at 714 (finding that "no grounds for habeas relief were established" where a prisoner alleged that his constitutional rights were violated as a result of delay and denial of medical treatment).

Although the Sixth Circuit in *Wilson* permitted COVID-19 cases to proceed under Section 2241, the relief was specific to COVID-19 claims in light of the global pandemic at its outbreak. The petitioners in that case argued that the very nature of COVID-19 was such that there were "no mitigation efforts that Elkton could undertake that would prevent the risk of contraction—and possible later spread to the non-prison community—to any acceptable degree, other than immediate release of the Medically-Vulnerable Subclass." *Wilson*, 961 F.3d at 837-38. The court reasoned that where a petitioner's claims are such that no set of conditions would be constitutionally sufficient, the claim should be construed as challenging the fact or extent, rather than the conditions of the confinement. *Id.*; *see Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *cf. Terrell v. United States*, 564 F.3d 442, 446-48 (6th Cir. 2009).

Petitioner's claim that he is being denied access to medical care does not fall into this category as it can be corrected. Likewise, Petitioner's claim of unsanitary or unsafe conditions, including allegations that prison officials are not wearing masks properly and vaccines are not mandated in prisons, can also be remedied. Consequently, Petitioner cannot raise these claims in a *habeas* action. *See Mescall v. Hemingway*, 6th Cir. No. 20-1857, 2021 U.S. App. LEXIS 10072, at *4 (Apr. 7, 2021) (citing *Wilson*, 961 F.3d at 838) (finding that where petitioner did not allege there is "no set of conditions" that would remedy the risks associated with COVID-19, petitioner's claim of lack of COVID-19 testing for inmates and staff is not cognizable under § 2241).

### B. CARES Act

Petitioner also appears to seek release from prison pursuant to the CARES Act, claiming he is qualified for early release under the Act and should at least be considered for the relief. To the

extent Petitioner is asking the Court to make this determination and to order his release, the Court lacks the authority to order to do so.

The BOP has the sole authority to determine the place of an inmate's confinement. 18 U.S.C. § 3621(b). The BOP also has the authority to permit an inmate to serve the end of a term of incarceration in a community correctional facility or residential reentry center ("RRC"), such as a halfway house, for a period not to exceed twelve months, or to place an inmate on home confinement for the shorter of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(1) and (2). This authority was expanded under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, § 12003(b)(2), which provides that "[d]uring the covered emergency period * * * the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." CARES Act, Pub.L. 116-136, Div. B., Title II, § 12003(b)(2).

The BOP, however, still has the sole authority to decide whether home confinement under the CARES Act is appropriate. *See Woods v. Bur. of Prisons*, No. 0: 20-115-KKC, 2020 U.S. Dist. LEXIS 185085, at *6 (E.D. Ky. Oct. 6, 2020). "While the CARES Act allows the Bureau of Prisons to 'lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement,' it does not give courts the authority to grant home confinement requests." *Id.* (quoting Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2)); *see also United States v. Ralston*, No. 3:13-CR-105-CRS, 2020 U.S. Dist. LEXIS 89106, at *2 (W.D. Ky. May 21, 2020)("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement"); *United States v. Black*, No. 2:12-CR-263-3, 2020 U.S. Dist. LEXIS 80600, at *2-3 (S.D. Ohio May 7, 2020)(district court does not have the authority to dictate home confinement placements to the BOP under the CARES Act).

This Court therefore has no authority to order the BOP to consider Petitioner for home confinement under the CARES Act.

### IV. CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge